UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUCI HOOD,

    Plaintiff,

v.

KING COUNTY, *et al.*,

    Defendants.

NO. C15-828RSL

ORDER DENYING DEFENDANTS HIGHLINE MEDICAL CENTER AND FAIRFAX HOSPITAL'S JOINT MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE SUMMARY JUDGMENT MOTION OR GRANT CONTINUANCE

    This matter comes before the Court on defendants Highline Medical Center and Fairfax Hospital's Joint Motion for Summary Judgment (Dkt. # 22) and plaintiff Luci Hood's "Alternative Motion to Strike the Joint Summary Judgment Motion of Highline Medical Center and Fairfax Hospital, or for a Response to Motion" (Dkt. # 33). Having considered the parties' briefing and the remainder of the record, the Court finds as follows.

    On February 11, 2016, defendants Highline Medical Center and Fairfax Hospital ("defendants" for the purposes of this order) filed a motion for summary judgment, seeking to have all plaintiff's claims dismissed with prejudice. Dkt. # 22. As defendants acknowledge in their motion, plaintiff's ability to avoid dismissal of her claims depends on demonstrating that defendants' employees did not act in good faith or were grossly negligent and providing expert

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT AND GRANTING IN PART MOTION
TO STRIKE OR FOR CONTINUANCE - 1

testimony in support of her claims. See, e.g., Dkt. # 22 at 3, 10, 12-15, 17-19.

Federal Rule of Civil Procedure 56(d) provides that if a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion [for summary judgment] or deny it . . . ." Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002). To obtain relief under Rule 56(d), a party must show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).

Plaintiff's attorney and one of plaintiff's experts filed affidavits in support of plaintiff's motion. Theses declarations make clear that there are five upcoming depositions – one of a Doctor of Psychology from Fairfax Hospital and four of Highline Medical Center providers – in which plaintiff will elicit facts regarding plaintiff's care. Dkt. ## 34 (Declaration of Jean Schiedler-Brown), 34-1 (Declaration of Paula Van Pul). These facts are essential to allow plaintiffs' experts to formulate opinions that will allow plaintiff to oppose summary judgment. See id. Plaintiff has met the standards to obtain relief under Rule 56(d).

For the foregoing reasons, defendants' motion for summary judgment (Dkt. # 22) is DENIED without prejudice to refiling at the close of discovery on August 7, 2016. Plaintiff's motion to strike or continue deadlines for the motion for summary judgment (Dkt. # 33) is GRANTED in part. The Court has not addressed plaintiff's motion to strike, as it is unnecessary to do so at this time. If plaintiff believes that defendants' refiled motion for summary judgment does not comply with the requirements of Rule 56(c)(4), plaintiff may raise the issue in opposition to the refiled motion for summary judgment.

DATED this 29th day of February, 2016.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART MOTION TO STRIKE OR FOR CONTINUANCE - 3